United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROMINA CAUSI | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-2578 |
| | § | |
| FAMILY FIRST SPORTS FIRM LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

Pending before the Court is Plaintiff Romina Causi's ("Plaintiff" or "Causi") Motion for Summary Judgment. (Doc. No. 14). Defendant Family First Sports Firm LLC ("FFSF" or "Defendant") failed to file a response and the deadline to do so has passed. For the following reasons, the Court hereby GRANTS Plaintiff's motion. (Doc. No. 14).

### I.      Background

This is a relatively straightforward copyright infringement action involving FFSF's use of Plaintiff's copyrighted photograph of a professional basketball player. Plaintiff is the widow and copyright assignee of sports photographer Anthony Causi. Mr. Causi was a long-time freelance contributor to the New York Post. In that capacity, he took photographs (largely depicting professional sports) and licensed them to the New York Post for purposes of commercial distribution. Mr. Causi was never an employee of New York Post, nor was he an employee of any sports league. Rather, Mr. Causi retained copyright ownership with respect to all photographs that he took.

Defendant operates a Facebook account, an Instagram account, and a Twitter (now X) account. According to the Texas Secretary of State, Defendant is a limited liability company and for-profit enterprise.

The photograph at issue depicts a New York Knicks professional basketball player Damyean Dotson (hereinafter "the Photograph"). On or about October 20, 2018, Mr. Cause created the Photograph, and on or about October 21, 2018, the New York Post published the Photograph in an online article titled "Kevin Knox's injury opens door for one forgotten Knick." As the creator of the Photograph, Mr. Causi retained copyright ownership. Plaintiff is in possession of a registration certificate for the Photograph, bearing the number VA 2-126-623 (the "623 Registration"). Mr. Causi obtained the 623 Registration on November 13, 2018, within five years after first publication of the Photograph on October 21, 2018. During discovery, Defendant failed to produce any documents obtained from the Copyright Office relating to the 623 Registration. On August 18, 2022, the Estate of Anthony Causi transferred copyright ownership of the Photograph to Plaintiff by way of written copyright assignment agreement, which included the right to bring the present cause of action.

On or about March 14, 2019, and again on or about May 6, 2019, Defendant displayed the Photograph on its company Facebook account. On or about March 14, 2019, Defendant displayed the Photograph on its company Instagram account. On or about March 14, 2019, Defendant displayed the Photograph on its company Twitter account. Neither the Estate of Anthony Causi, nor Plaintiff, granted Defendant a license or authorization to display the Photograph on Defendant's accounts.

Plaintiff does not have a record of the licensing fees that Mr. Causi charged for commercial use of the Photograph. According to Getty Images, the leading stock photography agency, the fair

market value to license a similar photograph of Damyean Dotson, in a similar manner used by Defendant, is $3175.00.

Finally, Plaintiff contends that Defendant never served written responses to either Plaintiff's First Set of Document Requests or Plaintiff's First Set of Interrogatories. Instead, on February 15, 2024, defense counsel indicated by email that "I don't think we have any documents to give." On February 15, 2024, plaintiff's counsel proposed that Defendant stipulate to liability in order to avoid motion practice. Defendant did not agree to stipulate, but instead requested an extension on discovery through April 7, 2024, to which Plaintiff agreed. During the extended discovery period, Defendant allegedly did not conduct any further discovery. Plaintiff now moves for summary judgment, and Defendant failed to timely file its response.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary

3

judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the court to the pertinent evidence, and its location, in the record that the party think are relevant. *Malacara v. Garber*, 353 F.3d 405 (5th Cir. 2003). It is not the duty of the court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Failure to Respond

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within twenty-one (21) days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case, has passed.

Therefore, the local rules would allow the Court to grant Plaintiff's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (first citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); then citing *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a *prima facie* showing of the movant's entitlement to judgment. *Id.* Therefore, a dismissal pursuant to the local

rules based solely on Plaintiff's failure to respond to Defendant's motion for summary judgment would be improper. Accordingly, the Court will consider Plaintiff's evidence to be undisputed and address the merits of Plaintiff's arguments from its motion.

## IV.    Analysis

### a.  Liability

Under Fifth Circuit law, to establish a claim of copyright infringement, Plaintiff must show the following three elements: (i) she is the owner of a valid copyright; (ii) Defendant has engaged in factual copying of Plaintiff's photograph; and (iii) the photograph posted to Defendant's website is substantially similar to Plaintiff's Photograph. *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (citing *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015); *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam)); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing two elements as: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work). A plaintiff need not prove the defendant's mental state to establish copyright infringement. *See, e.g., Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6-12-CV-42, 2014 WL 6982331, at *5 n.9 (S.D. Tex. Dec. 9, 2014) (Costa, J.) ("Courts have observed that 'copyright infringement is a strict liability tort,' but only to indicate that plaintiffs do not need to prove a defendant's mental state to prosecute a copyright claim."); *Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 562 (S.D. Tex. 2019).

Plaintiff argues that there is no genuine issue of material fact concerning all elements of her claim and that she is entitled to judgment as a matter of law. The Court agrees.

First, the undisputed evidence demonstrates that Plaintiff is the owner of a valid copyright. A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration. *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (citing 17 U.S.C. § 410(c)). Additionally, timely registrations are afforded presumptive originality. *Id.* To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005).

Here, Plaintiff is in possession of a certificate of registration from the U.S. Copyright Office. (Doc. No. 14, Ex. C). Further, the 623 Registration was obtained well within five years after first publication of the work. The undisputed evidence also shows that Plaintiff validly obtained the copyright through a written assignment agreement. (Doc. No. 14, Ex. D). Finally, there is no evidence suggesting that the 623 registration is invalid or was obtained fraudulently. As such, Plaintiff has proven that she is the owner of a valid copyright.

Second, the undisputed evidence shows that Defendant engaged in factual copying of Plaintiff's photograph as evidenced by striking similarity. "[F]actual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work; and (2) probative similarity. . . . In this court, if the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001); *see also Busti v. Platinum Studios, Inc.*, No. A-11-CA-1029- SS, 2013 WL 12121116, at *3 (W.D. Tex. Aug. 30, 2013); *Batiste v. Lewis*, 976 F.3d 493, 501–03 (5th Cir. 2020) ("[A] plaintiff may raise an inference of factual copying without any proof of access if the works are 'strikingly similar.'").

Here, Plaintiff's undisputed evidence demonstrates striking similarity between her copyrighted photograph and the ones displayed on Defendant's websites so as to show direct copying. *See* (Doc. No. 14, Ex. A, E, F, G). Despite the fact that Defendant may have added graphics or cropped it, it is clear that the underlying photograph was Plaintiff's copyrighted photograph. There is no evidence to the contrary. Since the works are strikingly similar under the second element of infringement, the works are also substantially similar under the third element of infringement. Therefore, all elements of Plaintiff's infringement claim have been satisfied based upon the undisputed evidence before the Court.

Importantly, Defendant did not assert any affirmative defenses. (Doc. No. 8). Nor did Defendant submit any summary judgment evidence that would raise an issue of material fact. Finding that all elements of infringement have been satisfied, and finding no affirmative defense to be applicable, the Court hereby GRANTS Plaintiff's motion on this issue.

> b. *Damages*

The only issue remaining is the amount of damages Plaintiff is entitled to as a matter of law.

Plaintiff argues (and has presented evidence) that she is entitled to $15,875.00 in statutory damages. Plaintiff concedes that there is no evidence of any actual license fee that Mr. Causi charged for use of the Photograph. Nevertheless, she presented evidence that Getty Images, a stock photography agency, suggests that the fair market value to license a similar photograph of Damyean Dotson is $3,175.00. (Doc. No. 14, Ex. H). She argues that federal courts have consistently relied upon Getty Images to calculate the reasonable fair market value of photographs. *See, e.g., Juliff v. Headout, Inc.*, No. 20 CIV. 699 (JPC), 2021 WL 3887764, at *2 (S.D.N.Y. Aug. 31, 2021) ("Courts in this Circuit have relied on several forms of evidence to arrive at a non-

speculative estimate of the fair market value of an infringed license, including consulting benchmark license fees estimated by the price calculator tool on Getty Images' website.'); *McGlynn v. Towers Investors.com Inc.*, No. 19CIV00089PAEGWG, 2021 WL 1777758, at *5 (S.D.N.Y. May 5, 2021) ("We accept that screenshots from the price calculator provided by the Getty Images website in some circumstances may aid in determining the fair market value for a licensing fee of a photograph.").

Plaintiff then urges the Court to use this $3175.00 licensing fee and apply a multiple of five times to arrive at a damages figure of $15,875.00. She argues that when calculating statutory damages, "courts typically arrive at an amount that is three to five times the licensing fee the copyright holder originally sought from the infringer." *Broad. Music, Inc. v. Barflies, Inc.*, No. CIV.A. 03-304, 2003 WL 21674470, at *2 (E.D. La. July 16, 2003).

Once liability is established, the district court must also assess damages. The traditional remedies for violations of the Copyright Act include injunctive relief, impoundment and destruction of infringing articles, money damages, and costs and fees. 17 U.S.C. §502–505. As to monetary damages, a plaintiff can elect to seek statutory damages, actual damages, or a disgorgement of the defendant's profits. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) (party may elect to waive a jury trial and allow the court to determine its statutory damages).

Here, Plaintiff has elected statutory damages. (Doc. No. 14). The Copyright Act allows a plaintiff alleging copyright infringement to recover statutory damages in an amount between $750 and $30,000 per infringement with respect to any one work as the court deems just, in lieu of actual damages and profits at any time before final judgment. 17 U.S.C. § 504(c)(1). The Court has "virtually unfettered" discretion to set an amount it considers just within the statutory range.

*Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012). In copyright infringement cases, statutory damages should be awarded in an amount sufficient to deter future copyright infringement by making compliance less costly than violation. *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008); *Future World Elecs., LLC v. Over Drive Mktg.*, LLC, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) ("Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct.").

The Court agrees that the evidence supports the proposed license fee and further agrees that applying a multiplier to the $3175.00 licensing fee is appropriate for statutory damages so as to make infringement more costly than compliance. The Court does not agree, however, that five is the appropriate multiple. There is no evidence that Defendant acted willfully. The Court finds that a multiple of three is sufficient to deter further future copyright infringement. Therefore, the Court awards Plaintiff $9525.00 in statutory damages by applying a multiple of three to the commercially reasonable license fee of $3175.00.

## V.      Conclusion

For the above reasons, the Court GRANTS Plaintiff's motion for summary judgment. (Doc. No. 14). The Court will enter a separate order of final judgment awarding Plaintiff statutory damages in the amount of $9525.00.

Signed this 1st day of May 2024.

Andrew S. Hanen
United States District Judge