Case 4:23-cv-02578   Document 18   Filed on 01/16/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 16, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROMINA CAUSI, | § |
| *Plaintiff*, | § |
| VS. | § CIVIL ACTION NO. 4:23-cv-2578 |
| FAMILY FIRST SPORTS FIRM, LLC, | § |
| *Defendant*. | § |

## ORDER

Pending before the Court is Romina Causi's ("Plaintiff") Motion for Attorneys' Fees and Costs. (Doc. No. 17). Family First Sports Firm, LLC ("Defendant") did not file a response, and the time to do so has passed. Having considered the motion, the record, and the relevant pleadings, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs. (*Id.*).

### I. Background

This is a copyright infringement action involving Defendant's use of Plaintiff's copyrighted photograph of a professional basketball player. Plaintiff is the widow and copyright assignee of sports photographer Anthony Causi. By way of that copyright assignment, Plaintiff also obtained the right to bring this action. Mr. Causi was a long-time freelance contributor to the New York Post, taking photographs (primarily involving professional sports) and licensing them to the New York Post for commercial distribution. In the process, Mr. Causi retained copyright ownership of all the photographs he took.

Defendant operates a Facebook account, an Instagram account, and a Twitter (now X) account. According to the Texas Secretary of State, Defendant is a limited liability company and a for-profit enterprise.

The photograph at issue depicts a then-New York Knicks professional basketball player Damyean Dotson. Without a license or authorization from the Estate of Anthony Causi or Plaintiff, Defendant displayed the photograph on its Facebook, Instagram, and Twitter accounts.

Earlier in the litigation, Plaintiff filed a Motion for Summary Judgment, (Doc. No. 14), to which Defendant also did not respond. The Court granted the Motion for Summary Judgment, finding that "all elements of Plaintiff's infringement claim have been satisfied based upon the undisputed evidence before the Court." (Doc. No. 15 at 7). The Court also entered a Final Judgment, awarding $9,525.00 in damages, plus taxable costs of court. (Doc. No. 16). Subsequently, Plaintiff brought this Motion to recover $4,500 in attorneys' fees and $440 in costs. (Doc. No. 17).

## II.  Analysis

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. As stated above, Defendant failed to respond to Plaintiff's Motion. Therefore, the Local Rules would allow the Court to grant Plaintiff's Motion as it should be considered unopposed. Nevertheless, the Court examines the merits of Plaintiff's Motion.

Under 17 U.S.C. § 505, the Court "may . . . award a reasonable attorney's fee to the prevailing party" in a civil action for copyright infringement. 17 U.S.C. § 505. An award of attorney's fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (internal quotes omitted). Nevertheless, "recovery of attorney's fees is not automatic," but subject to this Court's discretion. *Id.* The Supreme Court has provided a non-exhaustive list of factors that a court may consider in exercising that discretion: "frivolousness, motivation, objective

unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Guided by those factors, the Court finds that Plaintiff is entitled to the requested attorneys' fees and costs. First, the suit was not frivolous or objectively unreasonable. As the Court has already held, the undisputed evidence showed that Mr. Causi properly obtained a copyright registration with the U.S. Copyright Office, he validly assigned it to Plaintiff, and the registration remains valid. (Doc. No. 15 at 6). The undisputed evidence also showed that "Defendant engaged in factual copying of Plaintiff's photograph." (*Id.*). Moreover, Defendant did not assert any affirmative defenses, *see* (Doc. No. 8), or respond to the summary-judgment motion to rebut Plaintiff's claims. Thus, the record does not contain any indicia of frivolousness or unreasonableness, but the opposite.

Second, Plaintiff's motivation in bringing the suit was proper. Nothing in the record suggests that Plaintiff brought this suit with malicious intent, but, on the contrary, that she brought this suit to protect her properly-assigned copyright from her deceased husband.

Third, awarding the requested fees and costs would advance considerations of compensation and deterrence. If this Court were to deny the Motion, Plaintiff would have to use about *half* of her damages to pay her counsel, undermining the Court's determination that the damages amount was proper to compensate for the copyright infringement. Moreover, an award of attorneys' fees would deter future infringement because copyright owners would not have to pay for legal representation out of pocket to protect their intellectual property.

Having determined that Plaintiff is entitled to attorneys' fees, the Court turns to how much she may receive. If the Court determines that the prevailing party is to receive fees, it must

calculate a "lodestar," the reasonable number of hours expended on successful claims multiplied by a reasonable rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (cited with approval in *Fogerty*, 510 U.S. at 534).

Here, Plaintiff's counsel, Mr. James H. Freeman, avers that he is a lawyer based in New York, with 23 years of experience in intellectual property law, and charges an hourly rate of $600 per hour. (Doc. No. 17-1 at 1–2). The Court finds that $600 per hour is a reasonable hourly rate for an attorney of Mr. Freeman's experience.

Mr. Freeman also avers that he spent 7.5 hours prosecuting this case, including conducting due diligence on copyright, reviewing the complaint, answer, this Court's orders, and drafting the joint discovery plan, discovery requests, and summary-judgment motion. (*Id.* at 2). The Court finds that 7.5 hours to prosecute this case and complete those tasks are a reasonable time to expend. Therefore, the requested attorneys' fee of $4,500—$600 multiplied by 7.5—is reasonable under the circumstances.

Plaintiff also seeks $440 in costs, including $400 in filing fees and $40 in personal service fee. (*Id.* at 2–3). The Court also finds those to be reasonable and grants them.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED**. (Doc. No. 17). The Court awards Plaintiff $4,500 in attorneys' fees and $440 in costs. It hereby amends the earlier judgment in this matter to include these fees and costs.

Signed on this the 16th day of January 2025.

Andrew S. Hanen
United States District Judge